SUSANA ALCALA WOOD, City Attorney #156366
JAMES F. WILSON, Senior Deputy City Attorney #107289
City of Modesto
P.O. Box 642
1010 Tenth Street, Suite 6300
Modesto, California 95353
Telephone: (209) 577-5284
Facsimile: (209) 544-8260

Attorneys for Defendants
CITY OF MODESTO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA - FRESNO

| | |
|---|---|
| **LILIA MELGOZA,** | No. |
| Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 42 U.S.C. SECTION 1441, SUBDIVISION (b)** (FEDERAL QUESTION) |
| vs. | |
| **CITY OF MODESTO, MODESTO POLICE DEPARTMENT, OFFICER SHANE CASTRO, SGT. TIMOTHY HELTON, and DOES 1 to 100,** | |
| Defendants. | |

**TO: THE CLERK OF THE ABOVE- ENTITLED COURT:**

**PLEASE TAKE NOTICE** that the Defendant City of Modesto, Modesto Police Department, Officer Shane Castro and Sgt. Timothy Helton hereby remove to this Court the State Court action described below.

1. On December 21, 20100 an action was commenced in the Superior Court of the State of California in and for the County of Stanislaus, entitled LILIA MELGOZA v. CITY OF MODESTO, MODESTO POLICE DEPARTMENT, OFFICER SHANE CASTRO and SGT. TIMOTHY HELTON and DOES 1 through 30, inclusive, Defendants, as Case No. 660828.  A copy of the Complaint is attached hereto as Exhibit "A."

2. The date upon which defendant City of Modesto first received a copy of the said Complaint

S:\LORAINE\LITIGATION JIM\Melgoza, Lilia\Pleading\Notice of Removal.wpd

was January 11, 2011, when defendant CITY OF MODESTO was served with a copy of the said Complaint and a Summons from the said state court. A copy of the summons is attached hereto as Exhibit "B."

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. section 1441, subdivision (b) in that it arises under Title 42 U.S.C. section 1983, as the plaintiff alleges in her complaint that the first and second causes of action arise under Title 42 U.S.C. section 1983.

4. On January 12, 2011, the defendant City of Modesto served and filed its answer to complaint on the plaintiffs.  A copy of the answer to complaint is attached hereto as Exhibit "C".

Dated: January 12, 2011

Respectfully submitted,

SUSANA ALCALA WOOD
City Attorney


By:   /S/ JFW
**JAMES F. WILSON**
Senior Deputy City Attorney
Attorneys for Defendants

S:\LORAINE\LITIGATION JIM\Melgoza, Lilia\Pleading\Notice of Removal.wpd

**LAW OFFICES OF ALONZO J. GRADFORD**
426 14th St., Suite 212
Modesto, California 95354
Telephone:      (209) 604-4398
Fax:            (415) 421-1331
Attorney for Plaintiff
Lilia Melgoza

FILED

10 DEC 21  PM 2:07

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY __CINDY CRUZ__ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF STANISLAUS

| | |
|---|---|
| LILIA MELGOZA, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF MODESTO; MODESTO POLICE DEPARTMENT; OFFICER SHANE CASTRO; SGT. TIMOTHY HELTON; DOES 1 THROUGH 30, <br><br> Defendants. | Case No.:  660828 <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** <br><br> 1.      42 U.S.C. §§ 1983— Civil Rights Violations <br> 2.      42 U.S.C. §§ 1983—Unlawful Customs, Policies, Habits, or Procedures <br> 3.      Battery <br> 4.      Assault By Means of Force Likely to Produce Great Bodily Injury <br> 5.      Assault <br> 6.      Intentional Infliction of Emotional Distress <br> 7.      Negligent Infliction of Emotional Distress <br> 8.      Negligence <br> 9.      California Civil Code § 51.9—Sexual Harassment <br> 10.      California Civil Code § 52.1—State Civil Rights Violations |

Plaintiff alleges:

## JURISDICTION

1.      This is an action for damages brought pursuant to Title 42 U.S.C § 1983, et seq.,

EXHIBIT __A__

the Fourth and Fourteenth Amendments to the United States Constitution, under California Civil Code §§ 52.1 and 51.9, and under the common law of California covering the torts of battery, assault by means of force likely to produce great bodily injury, assault, intentional and negligent infliction of emotional distress, and negligence; this is an action for personal injuries, emotional distress, and constitutional rights violations committed by the CITY OF MODESTO, THE MODESTO POLICE DEPARTMENT, OFFICER SHANE CASTRO, SERGEANT TIMOTHY HELTON, and Defendant Does 1 through 30.

2.  The Superior Court, in and for the County of Stanislaus, has jurisdiction over this action pursuant to California Code of Civil Procedure § 86 because the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000). Venue is proper in the Stanislaus County Superior Court under California Code of Civil Procedure § 394 because Stanislaus County is where all Defendants are situated, Plaintiff Melgoza is a Stanislaus County resident, and Stanislaus County is where the conduct giving rise to Plaintiff's cause of action occurred. A claim was presented to the City of Modesto.

## PARTIES

3.  Plaintiff LILIA MELGOZA ("Plaintiff") is a competent adult and a resident of Stanislaus County, California.

4.  At all times mentioned herein Defendants Shane Castro (hereafter "Defendant Castro"), Sgt. Timothy Helton (hereafter "Defendant Helton"), and Defendants DOES 1 through 30, in doing the acts or omissions hereinafter described, acted within the course and scope of their employment with Defendant City of Modesto and acted under color of state law. Defendant Castro, an on-duty police officer and Defendant Helton, an on-duty supervisor, were performing work for the City of Modesto at the time they committed the torts hereinafter described. DOES 1 through 30 were working for the City of Modesto at the time the incidents giving rise to the causes of action hereinafter described occurred. Defendants Castro,

COMPLAINT FOR DAMAGES

Sgt. Helton, and DOES 1 through 30 are sued individually and in their capacities as employees of the City of Modesto. Defendant Helton is also sued in his capacity as a supervisor of Defendant Castro and others.

5. Defendant CITY OF MODESTO is a public entity existing under the laws of the State of California and is the employer of the individual defendants named above.

6. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants named herein as DOES 1 through 30 are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Plaintiff will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. Plaintiff is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

7. Plaintiff is informed, believes, and therefore alleges that at all times mentioned herein, each of the Defendants was the agent, servant, and/or employee of the City of Modesto and were, in doing the acts or omissions herein alleged, acting within the course and scope of this agency and/or employment and acting under color of state law and that each is responsible in some manner for the occurrences hereinafter alleged; and, Plaintiff is informed, believes, and thus alleges that Plaintiffs' injuries were proximately caused by the acts or omissions of each.

8. Plaintiff presented a claim to the City of Modesto for the injuries alleged herein. The claim was not acted on within 45 days of August 17, 2010 and was, thus rejected by operation of law.

## FACTUAL ALLEGATIONS

9. Plaintiff Melgoza is a twenty-five year old part-time student and a long time resident of the city of Modesto.

10. On or about September 25, 2009, Plaintiff Melgoza was arrested on suspicion of driving under the influence of alcohol, among other things. Plaintiff came to be in

COMPLAINT FOR DAMAGES

the custody of Defendant Castro and was taken to Doctor's Medical Center for a blood draw.

11.     While being escorted by Defendants Castro, Helton, and possibly other officers from Doctor's Medical Center to Ofc. Castro's patrol car, Plaintiff was handcuffed; Plaintiff's pajama pants fell down, leaving Plaintiff completely naked from the waist down. Plaintiff, who was humiliated, pleaded repeatedly for the officers to pull her pants up. Plaintiff was left completely exposed for a number of minutes. Instead of pulling Plaintiff's pants up immediately, Ofc. Castro and the other Defendants gawked and teased the naked Ms. Melgoza about her pants being down, laughing and making jokes, among other things. This demeaning, unbecoming, and inappropriate conduct caused severe emotional distress to Plaintiff. Eventually, after a number of minutes, Ms. Melgoza's pants were pulled up by one of the officers, from behind. She was placed into Ofc. Castro's patrol vehicle.

12.     While transporting Ms. Melgoza to the Public Safety Center, Defendant Castro pulled over into a parking lot, possibly in the vicinity of 800 Kansas Street, in Modesto. Defendant Castro has alleged Ms. Melgoza was misbehaving in his patrol vehicle, which is why Defendant Castro has alleged he pulled his vehicle over.

13.     With a reckless indifference to Ms. Melgoza's safety and the traumatic injuries that would likely result, Plaintiff Melgoza, still in handcuffs, was pulled out of the patrol car by Defendant Castro and flung onto the ground. This caused serious injuries to Ms. Melgoza's face, head, upper body, and other areas. Ofc. Castro then jumped onto Ms. Melgoza, who was face down, grabbed her by her hair, kneed her in the back, and slammed her face into the concrete, causing serious

COMPLAINT FOR DAMAGES

bodily injuries and causing Ms. Melgoza to fear for her life. Defendant Castro has indicated he removed Ms. Melgoza from his vehicle because he was afraid she was going to damage his patrol vehicle. Plaintiff alleges, on information and belief, Defendant Castro was acting pursuant to an unwritten policy or custom of the Modesto Police Department to employ retaliatory violence against suspects that were perceived to act disrespectfully, including those that run from police or were/are otherwise perceived to be uncooperative in some fashion.

14.   Ofc. Phillips responded to the parking lot where Defendant Castro had pulled over at some point. Sgt. Applegate and Sgt. Gundlach arrived to this scene at some point as well.

15.   At the request of Defendant Castro for purposes of jail clearance, American Medical Response (hereafter "AMR") responded to the scene and transported Ms. Melgoza, by ambulance, to Doctor's Medical Center Emergency Room.

16.   According to the Dr. that saw Plaintiff Melgoza for an unspecified length of time for purposes of clearing her to be booked into the jail, Ms. Melgoza suffered a contusion on the right forehead, swelling to the upper lip, an abrasion to the dorsal nasal bridge and bilateral abrasions to her shoulders, among other injuries.

17.   According to Defendant Castro's report, Ms. Melgoza suffered a swollen upper right lip, a cut to the top of her nose, redness on her left shoulder, redness to her forehead on the right side, and a possible fractured nose.

18.   Pictures taken of Ms. Melgoza's injuries show contusions on Ms. Melogoza's face, swelling, redness, and an upper lip that is outrageously and disturbingly swollen, and bruises on her back, among other things.

19.   On September 29, 2009, Plaintiff had a follow-up appointment to her visit to the Doctor's Medical Center Emergency Room; in the course of this follow-up, the

Dr. observed, among other things, swelling of the upper lip on the right side, with an abrasion; nose swelling at the bridge of the nose, with extreme tenderness; a wound in the left shoulder, which was tender to palpation; palpatory tenderness in many areas; multiple abrasions on the right arm; and, bruises in many areas. The Dr. treating Ms. Melgoza noted she was suffering anxiety and a loss of sleep and concluded that Ms. Melgoza had suffered (1) a facial contusion with multiple abrasions; (2) a possible nasal bone fracture; (3) anxiety and/or post traumatic stress. The Dr. ordered nasal bone X-Rays to determine whether there was a fracture.

20.    The findings of the Dr. that analyzed the x-ray images were as follows: Waters' and lateral views of the nasal bones demonstrated depressed nasal bone fracture with associated soft tissue swelling; subtle deviation of the nasal septum to the right; and, mild soft tissue prominence in the floor of the left maxillary sinus, which indicated possible bleeding into the sinus cavity. The impressions of the Dr. that analyzed the x-ray images were:  depressed nasal bone fracture with possible fluid in the floor of the left maxillary sinus.

21.    Defendant Castro's negligent, reckless, and assaultive conduct proximately caused Plaintiff Melgoza to suffer an outrageously swollen upper lip, a nasal bone fracture, deviation of the nasal septum, possible bleeding into the sinus cavity, a facial contusion, multiple abrasions to the face, bruises in many areas, including her back, abrasions and tenderness to many other parts of her body, scalp tenderness, anxiety, post traumatic stress, loss of sleep, and other related injuries, both physical and emotional. In addition to these injuries, Ms. Melgoza suffered severe emotional distress as a result of the incident that occurred while Ms. Melgoza was being taken to Ofc. Castro's vehicle, in which Defendants engaged

COMPLAINT FOR DAMAGES

in sexual harassment by refusing to pull Ms. Melgoza's pants up and through their demeaning, unbecoming conduct, by gawking at and teasing the handcuffed, half naked Ms. Melgoza about her being completely exposed with her pajama pants down, laughing and making jokes, among other things, instead of pulling her pants up promptly.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

(42 U.S.C. § 1983- VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS)

22.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above, as though fully set forth herein.

23.     As a result of the acts alleged above, Plaintiff was subjected to unreasonable and excessive force directly by Defendant Castro; the failure to intervene, prevent, or stop the excessive force on the part of any other officer or trainee that may have been present at the time such force was used indirectly caused unreasonable and excessive force to be visited upon Plaintiff. This unreasonable and excessive force constituted an unlawful seizure, in violation of Plaintiff's constitutional right guaranteed by the Fourth Amendment to the United States Constitution. As a result, Plaintiff is entitled to damages pursuant to 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

24.     Defendant Castro committed the unconstitutional acts and any second, unnamed officer or trainee, if present, failed to intervene and prevent the unconstitutional acts of Defendant Castro. To the extent Sgt. Helton or any other supervisors knew or had reason to know of Defendant Castro's assaultive conduct, as alleged above —or his propensity to engage in such conduct—Sgt. Helton and/or other supervisors failed to prevent the unconstitutional acts of Defendant Castro and failed to properly supervise him, thus rendering Sgt. Helton and/or others

potentially liable directly and in his/their capacity as a supervisor. Plaintiff alleges, on information and belief, Defendant Castro was acting pursuant to an unwritten policy or custom of the Modesto Police Department to employ retaliatory violence against suspects that were/are perceived to act disrespectfully, including those that run from police or were/are otherwise perceived to be uncooperative in some fashion; and, to the extent that the unnamed, second officer —and any other officer or supervisor that may have been present or who had knowledge of the incident—failed to intervene and/or report Defendant Castro's assault or reckless conduct, such ratification of Defendant Castro's wrongful conduct was pursuant to the same unwritten policy or custom of retaliating against suspects for perceived disrespectful behavior.

25.     As a proximate result of the foregoing wrongful acts, Plaintiff was injured in body and mind. Plaintiff incurred pain, suffering, injuries, and severe emotional distress, as described in ¶¶ 19-21 above. Plaintiff is therefore entitled to general and compensatory damages in an amount to be proven at trial.

26.     In committing the acts alleged above, Defendant Castro acted maliciously and/or was guilty of a wanton and reckless disregard for the rights, safety, and emotional well being of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

(42 U.S.C. § 1983- CONSTITUTIONAL VIOLATIONS VIA UNLAWFUL POLICIES, CUSTOMS, HABITS, OR PROCEDURES; AGAINST CITY OF MODESTO ONLY)

27.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26 above, as though fully set forth herein.

28.     On information and belief, Plaintiff alleges that Defendant City of Modesto, through its police department, has unlawful policies, customs, habits, or procedures of improper and inadequate hiring, training, retention, supervision,

and discipline of its police officers, including Defendant Castro and Defendant Does 1-30, which proximately caused the constitutional violations, injuries, and damages alleged in the First Cause of Action. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C § 1983, in an amount to be proven at trial.

29.     Plaintiff further alleges, on information and belief, that defendant City of Modesto, through its police department, has an unlawful policy, custom, or habit of permitting or condoning the acts of excessive force, retaliatory force, and unlawful seizure by its police officers, including the defendants named herein. Defendant Modesto has a further unlawful policy, custom, and habit of inadequate training, supervision, and disciplining of errant or rogue officers, including Defendant Castro.

30.     As a proximate result of the unlawful policies, customs, habits, and lack of proper training, supervision, and discipline alleged above, Plaintiff suffered the injuries described in ¶¶ 19-21 above and is, thus, entitled to general and compensatory damages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

### (BATTERY)

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 30 above, as though fully set forth herein.

32.     By the acts of unreasonable and excessive force and the violence visited upon Plaintiff at the hands of Defendant Castro, Defendant Castro committed a battery upon Plaintiff, entitling Plaintiff to damages pursuant to California law.

33.     As a result of these acts, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, including pain, suffering, serious bodily injury, and emotional distress, entitling her to damages in an amount to be proven at trial.

34.     In committing the acts alleged above, Defendant Castro acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights

COMPLAINT FOR DAMAGES

and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary

and punitive damages in an amount to be proven at trial.

//

## FOURTH CAUSE OF ACTION

### (ASSAULT BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY)

35. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 34 above, as though fully set forth herein.

36. By the acts of unreasonable and excessive force and the violence visited upon Plaintiff at the hands of Defendant Castro, Defendant Castro committed an assault by means of force likely to produce great bodily injury upon Plaintiff, which did in fact produce such injury, thereby entitling Plaintiff to damages pursuant to California law.

37. As a result of these acts, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, including pain, suffering, serious bodily injury, and emotional distress, entitling her to damages in an amount to be proven at trial.

38. In committing the acts alleged above, Defendant Castro acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

### (ASSAULT)

39. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 38 above, as though fully set forth herein.

40. By the acts of unreasonable and excessive force and the violence visited upon Plaintiff at the hands of Defendant Castro, Defendant Castro committed an assault

upon Plaintiff because Plaintiff was placed several times in fear of an imminent, offensive or harmful touching by Defendant Castro, thereby entitling Plaintiff to damages pursuant to California law.

41.  As a result of these acts, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, including pain, suffering, serious bodily injury, and emotional distress, entitling her to damages in an amount to be proven at trial.

42.  In committing the acts alleged above, Defendant Castro acted maliciously, oppressively, and/or was guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SIXTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

43.  Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 above, as though fully set forth herein.

44.  Defendant Castro and the other named defendants intentionally performed the acts that resulted in the infliction of emotional distress upon Plaintiff. The sexual harassment, batteries, and assaults committed against Plaintiff resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

45.  As a proximate result of the wrongful acts alleged herein, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, entitling her to damages in an amount to be proven at trial.

46.  In committing the acts alleged above, Defendants Castro, Helton, and any other Modesto police officers involved acted maliciously, oppressively, and/or were guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

47.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 46 above, as though fully set forth herein.

48.     Defendant Castro and the other named defendants intentionally and negligently performed acts and/or omissions that resulted in the infliction of emotional distress upon Plaintiff, which resulted in Plaintiff suffering severe emotional distress with attendant physical manifestations, thereby entitling Plaintiff to damages pursuant to California law.

49.     As a proximate result of the wrongful acts alleged herein, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, entitling her to damages in an amount to be proven at trial.

## EIGHTH CAUSE OF ACTION

### (NEGLIGENCE)

50.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 50 above, as though fully set forth herein.

51.     By the acts alleged above, Defendants Castro, Helton, and any other Modesto police officers involved in this incident were negligent and breached their duty of due care owed to Plaintiff.

52.     As a result of these acts, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, including pain, suffering, serious bodily injury, and emotional distress, entitling her to damages under California law in an amount to be proven at trial.

## NINTH CAUSE OF ACTION

### (CALIFORNIA CIVIL CODE, § 51.9—SEXUAL HARASSMENT)

53.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 11 above, as though fully set forth herein.

54. There was a qualifying professional relationship between Plaintiff and Defendants Castro, Helton, and any other Modesto police officers involved.

55. By the conduct alleged in ¶ 11 above, Defendants engaged in verbal, visual, or physical conduct of a sexual nature based on gender, which was unwelcome and pervasive.

56. There was an inability by Plaintiff to easily terminate the relationship, since she was in-custody and handcuffed.

57. The Plaintiff suffered personal injury, including, but not limited to, emotional distress and/or the violation of a statutory or constitutional right, as a result of the conduct described above.

58. As a result of the sexual harassment alleged in ¶ 11 above, Plaintiff suffered emotional distress, entitling her to damages in an amount to be proven at trial.

59. In committing the acts alleged above, Defendants Castro, Helton, and any other Modesto police officers involved acted maliciously, oppressively, and/or were guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## **TENTH CAUSE OF ACTION**

(VIOLATIONS OF CALIFORNIA CIVIL CODE, § 52.1—CIVIL RIGHTS VIOLATIONS)

60. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above, as though fully set forth herein.

61. The acts alleged above, particularly the batteries, assaults, and sexual harassment, were done under the color of state law and constituted an interference and attempted interference with Plaintiff's rights, which are secured by the Fourth Amendment to the U.S. Constitution and the analogous provision of the California Constitution, in violation of California Civil Code § 52.1.

62. By reason of the acts of defendants alleged herein, Plaintiff incurred the injuries and damages described in ¶¶ 19-21 above, thus entitling her to damages in an

amount to be proven at trial.

63.   In committing the acts alleged above, Defendants Castro, Helton, and any other Modesto police officers involved acted maliciously, oppressively, and/or were guilty of a wanton and reckless disregard for the rights and feelings of Plaintiff and by reason thereof Plaintiff is entitled to exemplary and punitive damages in an amount to be proven at trial.

## JURY DEMAND

64.   Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1.   For general and compensatory damages in an amount to be proven at trial.

2.   For special damages in a sum according to proof;

3.   For exemplary and punitive damages against Defendants Castro, Helton, and Doe Defendants only, in an amount to be proven at trial;

4.   For reasonable attorney's fees and costs of suit herein incurred; and

5.   For such other and further relief as the Court deems just and proper.

Dated: 20 December, 2010

ALONZO J. GRADFORD
Attorney for Plaintiff

## SUMMONS
## (CITACIÓN JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
City of Modesto; Modesto Police Department; Officer Shane Castro; Sgt.
Timothy Helton; Does 1 through 30

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Lilia Melgoza

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* 660828 |

Superior Court of California, County of Stanislaus
801 10th Street, 4th Floor, Modesto, California

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alonzo Gradford, 426 14th Street, Ste. 212, Modesto, California 95354; 209/604-4398

| | | | |
|---|---|---|---|
| DATE: December 21, 2010 *(Fecha)* | DEC 21 2010 | Clerk, by *(Secretario)* CINDY CRUZ | , Deputy *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

**EXHIBIT** B

1  **SUSANA ALCALA WOOD**
   City Attorney (SBN 156366)
2  **JAMES F. WILSON**
   Senior Deputy City Attorney (SBN 107289)
3  City of Modesto
   P.O. Box 642
4  1010 Tenth Street, Suite 6300
   Modesto, California 95353
5  Telephone: (209) 577-5284
   Facsimile: (209) 544-8260
6

FILED

11 JAN 12 PM 2:08

CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS

BY ____ANGELA SEGUNDO
_____DEPUTY

7  Attorneys for Defendants City of
   Modesto, Modesto Police Department,
8  Officer Shane Castro and Sgt. Timothy Helton

9                    **SUPERIOR COURT OF CALIFORNIA**

10                      **COUNTY OF STANISLAUS**

11  **LILIA MELGOZA,**                      ) CASE NO. 660828
                                            )
12            Plaintiff,                     )
                                            )
13      vs.                                 )
                                            )
14  **CITY OF MODESTO, MODESTO**            ) **DEFENDANTS' ANSWER TO**
    **POLICE DEPARTMENT, OFFICER**          ) **COMPLAINT**
15  **SHANE CASTRO, SGT. TIMOTHY**          )
    **HELTON, and DOES 1 to 100,**          )
16                                          )
                                            )
17            Defendants.                    )
                                            )
18  _____ )

19      **COME NOW**, Defendants City of Modesto, Modesto Police Department, Officer Shane Castro

20  and Sgt. Timothy Helton (hereinafter "Defendants") and, for themselves alone, and for no other

21  defendant, respond to the plaintiffs' complaint on file herein as follows:

22                          **GENERAL DENIAL**

23      Pursuant to the provisions of California Code of Civil Procedure section 431.30, the defendants

24  deny, generally and specifically, each and every allegation contained in the complaint.  The defendants

25  further deny that the plaintiff has been damaged in any sum, or sums, or at all.

26                      **AFFIRMATIVE DEFENSES**

27      As and for separate and distinct affirmative defenses, Defendants allege as follows:

28  ///

                                            1

                            **EXHIBIT  C**

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's complaint, and each cause of action contained therein, fails to state the facts sufficient to constitute a cause of action against the defendants, or any of them.

### SECOND AFFIRMATIVE DEFENSE

The claims for relief alleged in the complaint are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's claims are barred for failure to comply with the claim filing requirements of the California Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery from the defendants, or any of them, in whole or in part, because her own negligence was the proximate cause or the injuries and damages claimed in the instant complaint.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery from the defendants, or any of them, in whole or in part, because the negligence of third parties was the proximate cause or the injuries and damages claimed in the instant complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff freely and voluntarily assumed the risk of injury and damage alleged in the complaint with full knowledge and appreciation of the magnitude thereof.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery from the defendants, or any or them, to the extent that the acts or omissions alleged in the complaint fall within the immunities and defenses described in sections 800 through 995 of the California Government Code, including but not limited to, sections 815.2, 818.8, 820.2, 821.2, 822.2, 844, 844.6, and 845.8.

### EIGHTH AFFIRMATIVE DEFENSE

The individually named defendants were, at all times relevant to this action, and now are duly qualified, appointed, and acting police officers, employed by the City of Modesto, and peace officers of the State of California, who, at all times mentioned in the complaint, were engaged in the performance

1   of their regularly assigned duties as such.

### NINTH AFFIRMATIVE DEFENSE

The individually named defendants herein, at all times relevant to this action, acted in good faith, without malice, and within the scope of their duties as police officers of the City of Modesto, and peace officers of the State of California.

### TENTH AFFIRMATIVE DEFENSE

Any injury or damage suffered by plaintiff was caused solely by reason of the wrongful acts and conduct of plaintiff and her willful resistance to peace officers in the discharge, and attempt to discharge, the duties of their office, and not by reason of any unlawful act or omission of the defendants, or any of them.

### ELEVENTH AFFIRMATIVE DEFENSE

The force, if any, which was used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by the plaintiff was due to and caused by acts and conduct by plaintiff in resisting peace officers in the discharge, and attempt to discharge, the duties of their office, and not by reason of any unlawful act or omission of the defendants, or any of them.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent that force was used in detaining plaintiff, it was privileged as reasonable under the circumstances, and necessary to effect the detention and/or arrest, to prevent escape, or to overcome the resistance of plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that force was used in detaining plaintiff, it was privileged as reasonable under the circumstances, and necessary in defense of the defendants herein, or of others.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff knew, or reasonably should have known that she was being detained or arrested by peace officers, and thus had a duty to refrain from using force to resist such arrest or detention.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendants named in their individual capacities are immune from liability under Title 43 U.S.C. section 1983 because, at all times relevant to this action, they acted in good faith, and entertained

1  an honest, reasonable belief that their actions were lawful.

2                          **SIXTEENTH AFFIRMATIVE DEFENSE**

3         Plaintiff's claims are barred, in whole or part, due to Plaintiff's failure to mitigate the damages

4  alleged in the complaint.

5         **WHEREFORE**, Defendants requests:

6         1.      That the plaintiffs take nothing from the defendants, or any of them, and that judgment

7  be awarded in favor of the defendants, and each of them;

8         2.      That the defendants recover reasonable costs incurred in the defense of this action; and

9         3.      For such other and further relief as the court may deem proper.

10 Dated: January 12, 2011                          Respectfully submitted,

11                                                  SUSANA ALCALA WOOD
                                                    City Attorney
12

13                                                  By: _____

14                                                  **JAMES F. WILSON**
                                                    Senior Deputy City Attorney
15                                                  Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                4

1    ### *PROOF OF SERVICE - CCP §1013(a)(3)*

2              I am employed in the County of Stanislaus, California.  I am over the age of eighteen
years and not a party to the within entitled cause; my business address is:  1010 10th Street, Suite
3    6300, P. O. Box 642, Modesto, California 95353.

4              On January __/2__, 2011, I served a copy of the **DEFENDANTS' ANSWER TO
COMPLAINT** on all parties in said action by serving a true copy thereof as follows:

5
Alonzo Gradford, Esq.
6    426 14th Street, Suite 212
Modesto, CA   95354

7

8    __X__   **BY MAIL:** I deposited the sealed envelope with the postage thereon fully prepaid to be
           placed in the United States Mail at Modesto, California.  I am readily familiar with the office's
9          practice for collection and processing of correspondence for mailing, and pursuant to those
           practices the envelope would be deposited with the United States Postal Service the same day.
10

11   ____   **BY FEDERAL EXPRESS:** I caused the sealed envelope to be given to a Federal Express
           courier at Modesto, California.  I am readily familiar with the office's practice for processing
           correspondence for transmittal by Federal Express.  It is picked up by Federal Express courier
12         on that same day in the ordinary course of business.

13   ____   **BY PERSONAL SERVICE:** I hand-delivered the sealed envelope to the parties herein at the
           addresses set forth above.
14

15   ____   **BY FACSIMILE:** I sent such document by way of facsimile to the offices of the addressee as
           set forth above.  The telephone number of the sending facsimile machine was (209) 544-8260,
           and the telephone number of the receiving facsimile machine was _____.
16

17             Executed on January __/2__, 2011, at Modesto, California.

18             I declare under penalty of perjury that the foregoing is true and correct.

19
                                                            LORAINE J. VERDUZCO
20

21

22

23

24

25

26

27

28